UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **ROLAND FELARISE, SR.,** | **CASE NO.:** |
| Plaintiff, | **SECTION** |
| | **JUDGE** |
| -vs- | **MAGISTRATE** |
| **DANN OCEAN TOWING, INC. and GREAT LAKES DREDGE & DOCK COMPANY, LLC,** | **JURY TRIAL REQUESTED** |
| Defendants. | |

## COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, ROLAND FELARISE, SR., who respectfully represents:

### I. PARTIES

1. Plaintiff, ROLAND FELARISE, SR., (hereinafter referred to as "Plaintiff"), brings this Civil Action under the Jones Act, 46 U.S.C. Section 30104 *et seq.*, with pendent and/or ancillary state claims and/or alternative claims under the General Maritime Law. At all times relevant herein, Plaintiff has been and is a citizen of the United States and is a person of majority age residing in the State of Louisiana, Terrebonne Parish.

2. Defendant, DANN OCEAN TOWING, INC. (hereinafter referred to as "DANN OCEAN" and/or "Defendant"), is a business corporation domiciled in the State of Florida with its principal place of business in Tampa, Florida, and which entity, at all times pertinent hereto,

owned and/or operated a vessel or fleet of vessels involved herein and directly employed Plaintiff at the time of the incident made the basis of these proceedings.

3. Defendant, GREAT LAKES DREDGE & DOCK COMPANY, LLC (hereinafter referred to as "GREAT LAKES" and/or "Defendant"), is a limited liability company domiciled in the State of Delaware with its principal place of business in Oak Brook, Illinois, and which entity, al all times pertinent hereto, owned and/or operated a vessel and/or fleet of vessels involved herein.

## II. JURISDICTION & VENUE

4. Jurisdiction exists in this Honorable Court pursuant to the Jones Act, 46 U.S.C. § 30104, *et seq.*, and/or the General Maritime Law for negligence, unseaworthiness and maintenance and cure.

5. At all times relevant herein, Plaintiff was an employee of DANN OCEAN and was a seaman and member of the crew of the vessel or fleet of vessels owned and/or operated by DANN OCEAN.

6. Venue is proper in this district pursuant to 28 U.S.C. Section 1391(b).

## III. FACTS & ALLEGATIONS

7. At all times relevant herein, Plaintiff was directly employed by DANN OCEAN as a Relief Captain and was assigned to the M/V ALLIE B, a towing vessel owned and operated by DANN OCEAN. In that capacity, Plaintiff was essential to the mission and purpose of the vessel.

8. At all times relevant herein Plaintiff was working within the course and scope of his employment as a seaman and member of the crew of the vessel, owned and operated by

DANN OCEAN in the navigable waters of the Atlantic Ocean, approximately 10 miles off the coast of South Carolina.

9. At all times relevant herein, Defendants, DANN OCEAN and GREAT LAKES, were working together as part of an operation to deepen a portion of the Charleston South Carolina Harbor Entrance Channel.

10. At all times relevant herein, GREAT LAKES owned and/or operated the spider barge and/or fleet of spider barges facilitating the operation to deepen the Charleston South Carolina Harbor Entrance Channel, in conjunction with the M/V ALLIE B.

11. On or about July 17, 2018, Plaintiff, through the negligence of Defendants, and/or through the unseaworthiness of the vessel(s), was caused to sustain severe injuries to his mind and body, including but not limited to his neck.

12. Overnight on July 16-17, 2018, the weather began to deteriorate. Other vessels involved in the dredging operations retreated out to sea to avoid the severe weather; however, at the direction of Defendants, DANN OCEAN and/or GREAT LAKES, the M/V ALLIE B and her crew remained at the worksite tied to a spider barge, which was loaded with mud from the dredging operations, throughout the inclement weather.

13. The severe weather, gusting winds, and sea swells caused the M/V ALLIE B to violently rock back and forth and crash against the spider barge, which hurled Plaintiff against the chart table in the wheelhouse, causing injury to his neck.

14. As a result of the above described incident, Plaintiff has suffered, and continues to suffer, from severe and debilitating injuries to his mind and body, including but not limited to his neck, and which injury has required and will continue to require extensive medical treatment.

15. At all times relevant hereto, Plaintiff was employed by DANN OCEAN to perform work on a vessel, or fleet of vessels, owned and/or operated by DANN OCEAN and/or GREAT LAKES.

16. Defendants owed Plaintiff a non-delegable duty to provide a safe place to work and/or a safe and seaworthy vessel, which duties were breached.

17. Defendants failed to provide Plaintiff safe and sufficient gear and/or proper appurtenances with which to perform his duties; failed to supply an adequate and/or competent crew; required Plaintiff to perform his duties under unsafe conditions; and committed other acts of negligence which will be shown at the trial of this matter.

18. Plaintiff requests that the Defendants preserve all evidence regarding the claims herein, including but not limited to photographs, video, logs, records, incident reports, and/or other related documents, and that the Defendants immediately produce for inspection the M/V ALLIE B and the spider barge involved herein.

## IV.  CAUSES OF ACTION

### FIRST COUNT – JONES ACT NEGLIGENCE

19. Plaintiff brings this action against the Defendants under the provisions of the statutes of the United States, more particularly the Jones Act, 46 U.S.C. Section 30104 *et seq.* of the United States Code.

20. Under the Jones Act, the Defendants owed Plaintiff a safe place to work, which duty was violated through the negligence of the Defendants, their officers, agents and/or employees, and this violation had a causative relationship to Plaintiff's injuries.

## SECOND COUNT – GENERAL MARITIME LAW
## NEGLIGENCE AND UNSEAWORTHINESS

21.     While reiterating and realleging each and every preceding allegation, Plaintiff additionally and/or alternatively alleges that the Defendants are liable to Plaintiff under the General Maritime Law for negligence and/or unseaworthiness.

22.     Plaintiff further contends that Defendants are liable for breach of the warranty of seaworthiness, extending to the vessel or vessels involved herein, including any and all crew, gear, and appurtenances, and that the vessel or fleet of vessels involved herein as set out hereinabove were unseaworthy including, but not limited to, the Defendants' failure to provide Plaintiff with a safe place to work, failure to provide safe and sufficient gear and/or appurtenances with which to perform his duties, failure to provide proper safety equipment and training and/or failure to provide a sufficient and/or competent crew, all of which proximately caused and/or exacerbated the injuries sustained by Plaintiff.

## THIRD COUNT – GENERAL MARITIME LAW MAINTENANCE & CURE

23.     While re-alleging and reiterating each and every allegation made hereinabove, Plaintiff additionally and/or alternatively alleges that DANN OCEAN is liable for maintenance and cure under General Maritime Law.

24.     At the time of the incident and injuries to Plaintiff made the basis of this litigation, Plaintiff was assigned to, at the call of, and/or in the service of the M/V ALLIE B.

25.     Plaintiff was at work and actually performing work on the vessel(s) for his employer, DANN OCEAN, and earning wages and, subsequent to the injuries sued upon herein, Plaintiff has had to seek medical attention and has been unable to work.

26.     Plaintiff is entitled to a minimum maintenance rate of $40/day from the date of his injury until he reaches maximum medical improvement.

27. Plaintiff is entitled to cure in the form of medical treatment from a doctor, doctors or other medical providers of his choosing until he reaches maximum medical improvement.

## V. DAMAGES

28. Plaintiff, by virtue of the injuries sustained in the incident sued upon herein, has sustained damages, for which Defendants are liable, as follows:

   a. Past, present, and future loss of wages, fringe benefits and wage-earning capacity;
   b. Past, present, and future medical expenses;
   c. Past, present, and future physical pain and suffering;
   d. Past, present, and future mental pain and suffering;
   e. Permanent disability;
   f. Loss of enjoyment of life;
   g. Attorneys' fees and costs; and
   h. All other special and general damages as will be shown at the trial of this matter.

29. Plaintiff, as set out hereinabove, was injured while performing work as a seaman and member of the crew of a vessel or fleet of vessels, in the employment of the Defendants and sustained the injuries complained of in the service of the vessel so as to be entitled to maintenance and cure, both past and future, until such time as Plaintiff has in fact reached maximum cure.

## VI. JURY DEMAND

30. Plaintiff is entitled to and requests a trial by jury on all counts alleged herein.

## VII. PRAYER FOR RELIEF

31. **WHEREFORE**, Plaintiff prays for a trial by jury and for judgment herein against Defendants, DANN OCEAN TOWING, INC. and GREAT LAKES DREDGE & DOCK COMPANY, LLC, for damages as are reasonable in the premises and for all costs of these proceedings.

32. Plaintiff further prays for all general and equitable relief.

Dated: March 9, 2020

Respectfully submitted,

*/s/ Adam Brum*
ADAM BRUM
Florida Bar #999512
Morgan & Morgan
111 2nd Avenue NE, Suite 1600
St. Petersburg, Florida 33701
T: (727) 318-6357; F: (727) 318-6382
*abrum@forthepeople.com*
*smorrison@forthepeople.com*

**Attorneys for Plaintiff, Roland Felarise, Sr.**