UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROLAND FELARISE, SR.,

    Plaintiff,

v.                                                              Case No. 8:20-cv-544-T-60AAS

DANN OCEAN TOWING, INC. and
GREAT LAKES DREDGE & DOCK
COMPANY, LLC,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on Defendants Dann Ocean Towing, Inc. and Great Lakes Dredge & Dock Company, LLC's Motion to Dismiss or Alternatively for a More Definite Statement. (Doc. 18). Plaintiff Roland Felarise, Sr., filed a response in opposition to the motion. (Doc. 19). The Court, having reviewed the motion, response, and being otherwise advised, concludes that the motion to dismiss should be granted.

## Factual Background

Dann Ocean Towing, Inc. ("Dann Ocean") is a Florida corporation with its principal place of business in Tampa, Florida. (Doc. 1 at ¶ 2). It owns and/or operates a fleet of vessels and, at all relevant times, employed Felarise as a seaman and member of the crew. (*Id.*). Felarise was employed by Dann Ocean as a relief captain and was assigned to the *M/V ALLIE B*, a towing vessel owned and operated by Dann Ocean. (*Id.* at ¶ 5). Great Lakes Dredge & Dock Company, LLC ("Great

Lakes") is a Delaware company that owns and/or operates a fleet of vessels, including spider barges. (*Id.* ¶¶ at 3, 10).

In July 2018 Dann Ocean and Great Lakes (collectively "Defendants") were working together as part of an operation to deepen a portion of the Charleston South Carolina Harbor Entrance Channel. (*Id.* at ¶ 9). Great Lakes owned or operated a spider barge or fleet of spider barges that facilitated the operation in conjunction with the *M/V ALLIE B*. (*Id.* at ¶ 10).

On July 16 and 17, 2018, the weather began to deteriorate, and the other vessels involved in the operation headed out to sea to avoid the severe weather. (*Id.* at ¶ 12). However, the *M/V ALLIE B* and her crew, at the direction of Dann Ocean and/or Great Lakes, stayed at the worksite, tied to a spider barge throughout the inclement weather. (*Id.*). The severe weather, gusting winds, and sea swells caused the *M/V ALLIE B* to violently rock back and forth and crash against the spider barge, which hurled Felarise against the chart table in the wheelhouse, causing injury to his neck. (*Id.* at ¶ 13).

Felarise alleges that he was employed by Dann Ocean "to perform work on a vessel, or fleet of vessels, owned and/or operated by" Dann Ocean and/or Great Lakes. (*Id.* at ¶ 15). He alleges that Defendants owed him a non-delegable duty to provide a safe place to work and a safe and seaworthy vessel, which they failed to do. (*Id.* at ¶ 16). He further alleges Defendants required him to perform his duties under unsafe conditions, failed to provide him with adequate gear to perform his duties, and failed to provide a competent crew. (*Id.* at ¶ 17).

Felarise sues Defendants in a three-count complaint alleging claims for negligence under the Jones Act (Count I); general maritime law negligence and unseaworthiness (Count II); and general maritime law maintenance and cure (Count III). (Doc. 1). Defendants move to dismiss the complaint and request a more definite statement on procedural grounds, claiming the complaint is a shotgun pleading. (Doc. 18). Additionally, Great Lakes argues that Counts I and II are due to be dismissed for failure to state a claim because Felarise has not alleged Great Lakes is Felarise's employer, nor has he alleged that he was on a vessel owned or operated by Great Lakes when he was injured.[1] (Doc. 18).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a

---

[1] Defendants do not substantively challenge Plaintiff's claim in Count III.

court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. 2009) (Lazzara, J.).

## Analysis

### *Shotgun Pleading*

A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

(1) Complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2) Complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3) Complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

> (4) Complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). A district court must generally permit a plaintiff at least one opportunity to amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Count I of Plaintiff's complaint asserts in conclusory fashion that Defendants breached a duty under the Jones Act to provide him a safe place to work, but contains no factual allegations and incorporates none of the paragraphs that do. This count is therefore insufficient. *See Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 663-64 (11th Cir. 2019). Counts II and III, in contrast, reallege all preceding paragraphs, thereby committing the "mortal sin" described in prong one of *Weiland* – incorporating all prior claims. *See Weiland*, 792 F.3d at 1322-23. Consequently, the complaint is due to be dismissed without prejudice, and Felarise will be granted the opportunity to file an amended complaint.

### *Count I (negligence under Jones Act)*

The Jones Act states, in relevant part, that a "seaman injured in the course of employment . . . may elect to bring a civil action at law, . . . against the employer." 46 U.S.C. § 30104. In its motion to dismiss, Great Lakes contends that Felarise has not alleged it is his employer and therefore there can be no Jones Act claim against Great Lakes. The Supreme Court has stated "under the Jones Act only one person, firm, or corporation can be sued as employer," but there may be issues of fact as to

who is the employer for Jones Act purposes. *Cosmopolitan Shipping Co. v. McAllister*, 337 U.S. 783, 790 (1949) (assuming without deciding that the word "employment" should be construed so as to give protection to seamen for torts committed against them by those standing in the proximate relation of employer).

Felarise responds that caselaw in this Circuit has found that plaintiffs may pursue Jones Act claims against multiple employers. (Doc. 19 at 5-6) (citing *Eckert v. United States*, 232 F. Supp. 2d 1312, 1317 (S.D. Fla. 2002) (noting that a "Jones Act claimant should be able to proceed in the inchoate stages of litigation by alleging multiple employers, in the expectation that subsequent discovery would uncover the true facts as to the plaintiff's employer"); *Petrovic v. Princess Cruise Lines, Ltd.*, 12-21588-CIV, 2012 WL 12905312, at *3 (S.D. Fla. Sept. 17, 2012) ("It is possible for a seaman to have more than one employer, and under the 'borrowed servant doctrine' a seaman may sue a number of 'employers,' forcing these to argue their respective culpability to the jury.")). He points to the "potentiality that discovery will reveal Great Lakes to be his borrowing employer for Jones Act purposes." (Doc. 19 at 6).

Review of the complaint, however, reveals that Felarise fails to allege any facts indicating Great Lakes was his employer or that he was Great Lakes' borrowed servant or other allegations to that effect to give rise to Jones Act liability against this Defendant. Accordingly, Count I is due to be dismissed as to Great Lakes. As stated above, the Court has already concluded that Felarise may amend his complaint to correct the pleading deficiencies associated with his shotgun

pleading, and thus, in so doing, he may amend his allegations against Great Lakes in Count I, within the confines of Rule 11, to attempt to state a Jones Act claim against Great Lakes. Alternatively, after conducting discovery on the issue of who should be considered his employer for Jones Act purposes, Plaintiff may move for leave to amend Count I, consistent with Fed. R. Civ. P. 15 and any applicable scheduling orders.

***Count II (negligence and unseaworthiness)***

Apart from the shotgun pleading issue, Defendants do not appear to challenge the sufficiency of Count II to state a claim for negligence. *See* (Doc. 18 at 4 n.2). However, to the extent that Count II attempts to assert claims for both negligence and unseaworthiness in a single count, the Court agrees that Plaintiff must assert separate causes of action in separate counts as discussed by the Eleventh Circuit in *Weiland*. *See Weiland*, 792 F.3d 1323 (explaining that a shotgun pleading includes a complaint that does not "separate[e] into a different count each cause of action or claim for relief").

To allege a claim of unseaworthiness, a plaintiff must allege that the defendant was the owner or operator of the vessel alleged to be in a defective condition. *Daniels v. Fla. Power & Light Co.*, 317 F.2d 41, 43 (5th Cir. 1963).[2] ("[T]he critical consideration in applying the doctrine [of implied warranty of seaworthiness] is that the person sought to be held legally liable must be in the

---

[2] The Eleventh Circuit, in an en banc decision, *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

relationship of an owner or operator of a vessel."). In its motion to dismiss, Great Lakes also argues Felarise has not alleged that he was injured while aboard a vessel owned or controlled by Great Lakes. (Doc. 18 at 4). Specifically, Great Lakes argues the claim must fail because there are no allegations that it exercised any control over the *M/V ALLIE B* as owner, operator, or demise charterer.

In response, Felarise argues that it is plausible that Great Lakes was operating the *M/V ALLIE B* pursuant to a bareboat charter whereby Great Lakes took operational control over the vessel, giving rise to Great Lakes' liability. "Under a bareboat charter, the charterer, as the owner *pro hac vice* of the vessel during the term of the charter agreement, rather than the owner, is liable for any injuries or damages to third parties." *Morris v. Paradise of Port Richey, Inc.*, No. 8:07-CV-845-T-27TBM, 2009 WL 103291, at *3 (M.D. Fla. Jan. 14, 2009) (citing *Forrester v. Ocean Marine Indem. Co.*, 11 F.3d 1213, 1215 (5th Cir. 1993)).

In his complaint, Felarise alleges the *M/V ALLIE B* was owned by Dann Ocean and that the spider barge was owned by Great Lakes. (Doc. 1 at ¶¶ 7, 10). Felarise also alleges however, that at all relevant times he was employed to perform work on a "vessel, or fleet of vessels, owned and/or operated by Dann Ocean and/or Great Lakes." (*Id.* at ¶ 15). Although he does not explicitly allege that Great Lakes was operating as a bareboat charterer, he alleges that, at the direction of Great Lakes, he was ordered to remain at the worksite with the *M/V ALLLIE B* tied to a spider barge notwithstanding the severe weather, and that as a result of the Defendants' negligence and/or the unseaworthiness of the vessels, he suffered

serious injuries. (*Id.* at ¶¶ 11, 12). He further alleges that "Defendants are liable for breach of the warranty of seaworthiness, extending to the vessel or vessels involved herein, . . . which proximately caused and/or exacerbated the injuries sustained by Plaintiff." (*Id.* 1 ¶ at 22).

While the allegations of control by Great Lakes are thin, when read in the light most favorable to Felarise, they sufficiently state a cause of action under Count II for unseaworthiness against both Defendants.[3] However, because of the shotgun pleading deficiencies in Count II of incorporating prior counts and asserting multiple causes of action in a single count, Plaintiff should cure these deficiencies in his amended pleading.

## Conclusion

Because Felarise's complaint is a shotgun pleading, it is due to be dismissed with leave to amend. The Court also concludes that Count I, as pled, fails to state a claim against Great Lakes under the Jones Act. Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Dann Ocean Towing, Inc. and Great Lakes Dredge & Dock Company, LLC's Motion to Dismiss or Alternatively for a More Definite Statement" (Doc. 18) is hereby **GRANTED**, and Plaintiff's complaint is **DISMISSED**.

2. Plaintiff, Roland Felarise, Sr., may file an amended complaint consistent

---

[3] Whether discovery ultimately reveals that Great Lakes was acting as a bareboat charterer in operational control is an issue for another day on a different motion.

with this Order within 14 days from the date of the Order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 26th day of June, 2020.